The Chief Justice
delivered the opinion of the court.*
On the 27th of May, 1817, Sanders made his promissory note to Littleberry Hawkins for $1000, negotiable and payable, sixty days after date, at the Washington branch bank.
The note was endorsed by Hawkins to Weir and Fishel, and by them to the plaintiffs, who brought a joint action of debt thereon, against Sanders and the endorsers.
Interlocutory judgment by nil dicit was entered against Sanders, and the other defendants pleaded nil debit On the trial the plaintiffs produced in evidence the note with the endorsements, and a regular protest for non-payment, and proved that the endorsements were in the band writing of the defendants, and that they had due notice of the protest. The defendants, who had pleaded, moved the court to direct the jury to find as in case of a non-suit; but the court overruled the motion, to which they exeepted; and a verdict being found against them, a final judgment was entered against all the defendants. To that judgment this writ of error, with supersedeas, is prosecuted.
The errors assigned are,
The maker and endorser of a ante are at common law several and at com law cannot be united in action—but the law merchant makes theme and the note having been negotiated at bank, it ranks as a foreign bill, and the drawer and endorser, by the bank law, are joint. Vide 1 Marsh 464, acc.
That a note is endorsed to the bank, and that the bank passes it, are facts from whence it may be fairly infer’d that the note has been negotiated.
Haggin for plaintiffs, Hardin and Wickliffe for def’ndts.
1st. That the action being joint against the maker and endorsers of the note, was misconceived.
2. That the court erred in refusing to instruct the jury as in case of a non suit.
As the undertaking of the maker of the note, and of the endorsers respectively, was several and not joint, it is clear, according to the principles of the common law, a joint action could not be maintained against them. But the note in this case is averred in the declaration to have been discounted by the bank,‘and by the 13th sec. of the “act to establish a state bank,” notes discounted by the corporation are placed upon the same footing as foreign bills of exchange; so that the like remedy may be had for the recovery thereof against the drawer or drawers, endorser or endorsers, and with the like effect, except so far as relates to damages. And by the 2nd sec of the act concerning bills of exchange, (2 Lit. 101) a joint action of debt is given against the drawer and endorsers of a foreign bill of exchange. It results, therefore, that the action was properly conceived; and consequently the first error assigned cannot be sustained.
The second error, we are of opinion, is equally untenable. Of every fact alledged in the declaration, material to the plaintiffs’ right of recovery, there was direct and positive proof, except the fact that the bill had been discounted; and of that fact the endorsement to the bank, and their holding the note, though not amounting to positive proof, was presumptive evidence, from which it was competent for the jury to infer the fact. And it is only in the absence of all evidence of a fact, material to the plaintiffs’ right of recovery, that the court can instruct the jury as in case of a non-suit.
The circuit court was therefore correct in refusing so to instruct the jury in this case; and the judgment must be affirmed with costs and damages.

 Absent, Judge Owsley.